IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD MOORE, MORRIS ALLEN, JR., MICHAEL BARNETT, ANTHONY BELL, PATRICK CARTER, MARTIN DIXON, ERNEST DORSEY, MARY EVANS, JANICE GRANT, JUSTIN HARRIS, MARK LEWERS, MAURICE MABON, BRIAN ROY, MARION TUCKER, on behalf of themselves and all others similarly situated, Plaintiffs, v. MORGAN STANLEY & CO., INC., Defendant. | Civil Action No.: 07 C 5606<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Ronald Moore and thirteen other named plaintiffs sue Morgan Stanley & Co., Inc. ("Morgan Stanley") under 42 U.S.C. §1981, purporting to bring an action as individuals and "on behalf of a class of past and present African American applicants, Financial Advisor Trainees, Financial Advisors, and managers of Defendant in the United States who have been subjected to discrimination by Defendant due to their race and have been subjected to retaliation due to their opposition to discrimination." Compl. ¶ 57, 66-67. Morgan Stanley moves to dismiss or, in the alternative, to stay and strike portions of the complaint because of a duplicative case, *Jaffe, et al. v. Morgan Stanley & Co., Inc.*, No. 06 C 3903 (TEH) ("*Jaffe*"), pending in the Northern District of California.

I.   **BACKGROUND**

When plaintiffs filed their complaint on October 3, 2007, *Jaffe* was pending in the United States District Court for the Northern District of California. *Jaffe* began as a gender discrimination class action against Morgan Stanley on June 22, 2006. On August 17, 2007, a second amended complaint was filed in *Jaffe*, alleging a nationwide class action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, on behalf of classes of "all African American and all minority Financial Advisors and Registered Financial Advisor Trainees employed by Morgan Stanley in the United States at any time from October 12, 2002 to the present." *Jaffe* Sec. Am. Compl ¶ 19, Cts. III-IV.

The same day the second amended complaint was filed, the *Jaffe* parties reached a settlement on the class race claims. The proposed settlement class is defined as:

> All African Americans and Latinos who were employed as Financial Advisors or Registered Financial Advisors Trainees in the Global Wealth Management Group of Morgan Stanley & Co. Incorporated or its predecessor, Morgan Stanley DW Inc. at any time between October 12, 2002 through [the date of preliminary approval].

The settlement is now pending preliminary approval by the Northern District of California. The *Moore* plaintiffs have filed objections to the proposed settlement as inadequate and unfair to the class. Morgan Stanley and the *Jaffe* plaintiffs' counsel have filed responses to the *Moore* plaintiffs' objections.

All but two of the fourteen named plaintiffs in *Moore* would be class members in the *Jaffe* settlement class. The two exceptions are Justin Harris, who purports to bring an action on behalf of African American applicants not hired by Morgan Stanley, and Mary Evans, who was employed as an assistant branch manager (rather than a financial advisor) during the class period.

## II. ANALYSIS

## A. Motion to Dismiss or Stay the Proceeding

A federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court. *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citations omitted). The court is accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (citing *Ridge Gold Standard Liquors v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983). When mirror-image suits are filed in two federal districts, the first case filed takes priority. *See Caccamo v. Greenmarine Holdings LLC*, No. 01 C 0899, 2001 WL 668929, at *1 (N.D. Ill. Jun. 14, 2001) (Darrah, J.). However, the Seventh Circuit does not espouse a rigid "first-to-file" rule. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). There is a rebuttable presumption the first case that establishes jurisdiction should be allowed to proceed, and the second case be dismissed. *Asset Allocation & Management Co. v. Wesern Employers Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989); *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993). The *Moore* plaintiffs bear the burden of showing compelling circumstances or an imbalance of convenience to overcome the presumption that the *Jaffe* suit should proceed. *Caccamo*, 2001 WL 668929, at *1.

### 1. Duplicative Litigation

Morgan Stanley argues this case warrants dismissal because the claims, parties, and available relief do not significantly differ between this case and the previously filed *Jaffe* case. The complaint in *Moore* and the second amended complaint in *Jaffe* assert similar race-based

3

legal theories over similar class periods against Morgan Stanley, including: disparate treatment, disparate impact, hostile work environment and retaliation. *See* Compl. ¶¶ 35, 48; *Jaffe* Sec. Am. Compl. ¶¶ 77-97. Both cases seek the same remedies: injunctive relief, equitable remedies, compensatory damages, punitive damages and attorneys' fees. *See* Compl. ¶ 71; *Jaffe Sec. Am. Compl.* ¶¶ 130-36. However, plaintiffs argue this case is not duplicative of *Jaffe*, as the *Moore* complaint includes a proposed class of Morgan Stanley managers and financial adviser applicants, as well as additional allegations that Morgan Stanley refused to hire or promote African Americans on account of their race.

These differences are not central to the class claims in both cases. *Moore* and *Jaffe* focus heavily on discriminatory treatment of financial advisors. And although the proposed class in *Jaffe* would not include named plaintiffs Harris and Evans, it is readily apparent that twelve of the fourteen named plaintiffs here are members of the proposed class in *Jaffe*. *See, e.g., Mackey v. Board of Educ. for Arlington Central School Dist.*, 112 Fed.Appx. 89 (2d Cir. 2004) (class members' subsequent action duplicative even though unnamed in previous class action); *Peak v. Green Tree Fin. Servicing Corp.*, No. 00 C 0953, 2000 WL 973685, at*4 (N.D. Cal. July 7, 2000). The settlement in the *Jaffe* class action may have a material impact on this case, as it may dispose of virtually all class claims pertaining to financial advisors. Simultaneous litigation in both venues would expend significant judicial and litigant resources.

Harris and Evans have different claims from other named plaintiffs. This situation militates in favor of a stay, so they are not prejudiced by dismissal. *See Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000) (where parallel proceeding given "priority," the action before the district court "should be stayed,

rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests"). Plaintiffs' request to allow individual claims to proceed is premature. Plaintiffs' assertion they intend to opt out of the *Jaffe* settlement is mere conjecture at this point.

### 2. Priority of Filing

Plaintiffs additionally argue this case cannot be duplicative of *Jaffe* because it preceded *Jaffe*. They contend the first-filed rule should not be applied because of Morgan Stanley's bad faith in shopping for a plaintiff in *Jaffe* who was willing to agree to bind the class on inadequate and unfair terms. Plaintiffs assert they originally sought to negotiate their claims with Morgan Stanley in good faith, only to have Morgan Stanley secretly collude with the *Jaffe* plaintiffs to construct a race-based class on the eve of settlement. Morgan Stanley vigorously contests this, stating that they engaged in good faith negotiations and mediation with the *Jaffe* and *Moore* plaintiffs. After reviewing the memoranda, chronology, declarations, and exhibits, it is inconclusive whether bad faith was present in negotiating the *Jaffe* race-based settlement. Plaintiffs have not satisfied their burden in rebutting the presumption that the first-filed rule should be followed. This case will yield to *Jaffe* in order to avoid expensive and duplicative litigation of virtually the same claims in two federal courts. *See, e.g., Applexion S.A., v. The Amalgamated Sugar Co.*, No. 95 C 858, 1995 WL 404843 (N.D. Ill. July 7, 1995) (Conlon, J.) (first-filed rule instructs one case to yield). A stay is granted until the final *Jaffe* settlement is approved or some other event in *Jaffe* warrants vacating the stay. *See, e.g., Jaffe v. Morgan Stanley DW, Inc.*, No. C06-3903, 2007 WL 163196 (N.D. Cal. Jan. 19, 2007).

### B. Motion to Strike

Morgan Stanley requests the court to strike paragraphs 4, 5, 27, 28, 29 and 30 of the complaint pursuant to Fed. R. Civ. P. 12(f). These paragraphs refer to plaintiffs' attempts to settle their claims with Morgan Stanley, Morgan Stanley's purportedly improper conduct, and the fairness of the proposed settlement agreements in *Jaffe*.

The court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). Motions to strike are a disfavored, drastic remedy. *See, e.g., Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726-28 (7th Cir. 2006); *Robinson v. Midlane Club, Inc.*, No. 94 C 1459, 1994 WL 577219, at *2 (N.D. Ill. Oct.18, 1994) (collecting cases). Morgan Stanley is required to show the allegations in the complaint are "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration." *Robinson*, 1994 WL 577219, at *2.

Morgan Stanley argues it would be prejudiced by allegations of improper conduct during the *Jaffe* settlement, as the allegations only serve to tarnish Morgan Stanley and its counsel. The allegations have the potential of confusing the issues with respect to plaintiffs' racial discrimination claims. Paragraphs 5, 27, 28, 29 and 30 are stricken from the complaint.

## III. CONCLUSION

Because this case is substantially similar to *Jaffe*, it will be stayed until the final *Jaffe* settlement is approved or some other event in *Jaffe* warrants vacating the stay. Paragraphs 5, 27, 28, 29 and 30 of the complaint are stricken pursuant to Fed. R. Civ. P. 12(f).

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

December 6, 2007